UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In Re* <br> **ANDREA NEWTON,** <br>                   **Debtor.** | Civ. Nos. 17-8377, 17-8378, 17-8574, 17-11637, 17-11856, 17-11859 <br><br> Bankruptcy Case No. 17-19019 |
| **Newton et al.,** <br>            **Plaintiff,** <br> v. <br> **Clinton Palmer,** <br>            **Defendant.** | **SUPPLEMENTAL OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

On March 19, 2018, this Court issued an order and opinion denying the motion of pro se appellants, Andrea Newton (the debtor in the underlying bankruptcy matter) and Mark Newton (Andrea's husband), for a stay pending appeal. (Civ. No. 17-8377, DE 28 (Opinion), DE 29 (Order)). The Newtons originally filed their application for a stay on December 13, 2017. (DE 7). The Newtons' appeal was terminated on April 4, 2018, for their failure to file a designation of record on appeal and statement of issues. (DE 8).

After the Newtons submitted an affidavit demonstrating good cause for their delay and the designation of record on appeal, their appeal was reinstated on March 5, 2019. (DE 21). On March 11, 2019, the Court received a letter from the attorney representing Clinton Palmer, the Newtons' landlord, which indicated that the Newtons had presented this Court's March 5, 2019 Order to the landlord-tenant Judge who was presiding over the Newtons' eviction proceedings. (DE 22). According to Palmer, the Newtons had represented to the court that the March 5, 2019 Order had granted their application for a a stay pending appeal. (*Id.*). The landlord-tenant Judge granted an adjournment to

1

March 21, 2019 so that the parties could obtain clarification of the scope of this Court's March 5, 2019 Order. (*Id.*).

On March 11, 2019, this Court clarified that a stay had not been entered; authorized Palmer to file a response to the Newtons' stay application; and stated that the court would render its decision on an expedited basis. (DE 24). As it happened, on that date, the Court also received a letter from Mr. Newton, further advocating for a stay. (DE 27). Palmer, as authorized, did file an opposition to the motion for a stay. (DE 26)

On March 19, 2019, this Court denied the Newtons' application for a stay pending appeal. (DE 28, 29).

Before this Court issued its decision denying the stay motion, however, the Newtons had apparently mailed a further brief and certification in support of their motion. This was uploaded to the Court's docket on March 20, 2019, after the motion had already been denied. (DE 30).

My March 11, 2019 order did not authorize futher submissions by the Newtons. In this supplemental opinion, however, I will addresses the Newtons' new brief and certification. (DE 30).

The Newton's new submission suffers from the same infirmities identified in the Court's March 19, 2018 opinion.

The Newtons have not demonstrated any likelihood of success. They have not submitted the transcript of the Bankruptcy Court's oral decisions on the merits, or denying their stay, have not demonstrated any substantial error, and have not made a sufficient showing that this court, exercising its equitable discretion, should enter a stay. Moreover, the Newtons still have not assumed the lease—*i.e.*, they have not indicated that they have cured their defaults or provided adequate assurance of future performance under the contract. Accordingly, to all appearances there was good cause for the bankruptcy court's order granting relief from the automatic stay.

Finally, the Newtons have not presented any new arguments that warrant a different conclusion on the remaining stay factors, the public interest or the balance of the hardships on the parties.

2

Accordingly, **IT IS** this 21st day of March, 2019,

**ORDERED** that the court's opinion and order (DE 28 and 29) remain operative, despite the Newtons' supplemental submission, and that the motion for a stay pending appeal was, is, and remains **DENIED**.

The clerk shall file this order under all six of the captions above.

_____
**Kevin McNulty**
**United States District Judge**